## UNITED STATES, Appellee

v.

BILLY G. GLADDEN, Private First Class, U. S. Army, Appellant

2 USCMA 262, 8 CMR 62

No. 896

Decided March 2, 1953

LT. COL. George E. Mickel, U. S. Army, 1ST LT. Bernard Landman, Jr., U. S. Army, and 1ST LT. John D. Calamari, U. S. Army, for Appellant.

LT. COL. Thayer Chapman, U. S. Army, and 1ST LT. Kenneth A. Howard, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Petitioner Gladden was tried by general court-martial for rape in violation of Article 120 of the Uniform Code of Military Justice, 50 USC § 714. The court, by exceptions and substitutions, returned a finding of guilty of indecent assault in violation of Article 134 of the Uniform Code, 50 USC § 728. The accused was sentenced to bad-conduct discharge, total forfeitures and confinement at hard labor for two years. With slight modification the convening authority approved and the board of review affirmed. The case is before this Court on petition.

We are once again confronted with the problem of a conference between the law officer and the court outside the presence of the accused and his counsel. The conference took place during deliberations on the findings and concerned the elements of the offense charged. We have repeatedly held such consultation to be reversible error. United States v. Wilmer Keith (No. 503), 4 CMR 85, decided July 30, 1952; United States v. McConnell (No. 596), 4 CMR 100, decided July 31, 1952; United States v. Henry M. Smith (No. 512), 4 CMR 123, decided August 6, 1952; and United States v. Wingert (No. 785), 4 CMR 166, decided August 8, 1952.

Our disposition of this issue renders unnecessary a determination of the sufficiency of the law officer's instructions given at the closed session.

The decision of the board of review is reversed and a rehearing is ordered.

Judge BROSMAN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result for the reasons set forth in my dissenting opinion in United States v. Woods and Duffer (No. 1023), 8 CMR 3, decided February 19, 1953. In the instant case the law officer incorrectly and incompletely instructed the court in the absence of accused and his counsel. This was not only error, it was prejudicial.